IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDRICA CAGE, as Personal Representative of the ESTATE OF SAMUEL STERLING, deceased,<br><br>Plaintiff,<br>v.<br><br>BRIAN KEELY, in his individual capacity, and the UNITED STATES OF AMERICA,<br><br><br><br>Defendant. | Case No. 1:25-cv-00089<br><br>HON. HALA Y. JARBOU<br><br>MAG. JUDGE MAARTEN VERMAAT |

## MOTION FOR STAY OR IN THE ALTERNATIVE AN EXTENSION OF TIME TO FILE FIRST RESPONSIVE PLEADING

COMES NOW Defendant Brian Keely, through counsel, and respectfully request that this Court STAY the instant CIVIL matter until the resolution of the related CRIMINAL matter now pending in this same court. In the alternative, this Court should allow Defendant Keely to file his first responsive pleading contemporaneously with the responsive pleading to be filed by the United States. The United States has been substituted for Defendant by operation of law on March 11, 2025 [ECF No. 9, PageID#27], but the docket reveals that the United States has not yet been served per Federal Rule of Civil Procedure 4(i). Without this extension, the instant civil matter will proceed with incongruous discovery timelines and duplicitous hearings on any dispositive motions. At a minimum, Plaintiffs' claims

1

brought pursuant to 42 U.S.C. §1983 are subject to dismissal at this time. Plaintiff also claims relief under Michigan law seeking punitive and compensatory damages against Defendant Keely. Therefore, dispositive motions are inevitable.

On April 21, 2025, this Court will conduct a scheduled hearing on Defendant Keely's Motion for Immunity raised under the authority of the Supremacy Clause to the United States Constitution. U.S.C.A. Const. Art. VI cl. 2.[1] Defendant Keely should not be required to face the Hobson's choice of defending himself in this related civil case – which unequivocally arises from the same set of facts and circumstances[2] – and compromising his right to remain silent in the pending criminal matter.

The Court commonly uses six factors when determining whether a civil action should be stayed when there is a pending criminal action. *Securities and Exchange Commission v. Bongiorno*, 594 F.Supp.3d 938 (2022). The factors are as follows:

> (1) [T]he extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and the burden on the defendants' (5) the interests of the courts' and (6) the

---

[1] The criminal case is properly before the United States District Court per 28 U.S.C.A. § 1442 & 1455. See Case Number 1:24-cv-672.

[2] Defendant Keely notes that the events giving rise to the civil and criminal matters occurred on April 17, 2024. Therefore, this matter has not yet been pending for even a year.

> public interest. Additionally, courts consider the "extent to which the defendant's fifth amendment rights are implicated." (Citations omitted).

In regard to the first factor, The Court in *Bongiorno* denied the Defendants Motion to Stay because there was minimal overlap in the criminal and civil matter. However, Defendant Keely's criminal case involves a complete overlap of issues as they both arise from the same case and controversy. The State law claims presented in plaintiff's complaint concern the exact same conduct as the criminal matter currently pending for before this Court. The second factor was denied in *Bongiorno* because the defendant was an unindicted co-conspirator in the civil matter. Defendant Keely is in the middle of criminal process, having been formally charged by the state prosecutor.

The third and fourth factors focus on the plaintiff and defendants' interests in a stay. In this case, Defendant Keely's position is that there is no prejudice caused to Plaintiffs by this action being stayed, but there is prejudice that Defendant Keely will face were a stay not granted. This instant civil case was filed prior to the one-year anniversary of the incident, and the plaintiffs will not be disadvantaged at all by any delay. Defendant Keely, being subjected to parallel criminal and civil litigation, would have a substantial burden imposed on him in defending both actions simultaneously, leading to difficulties protecting his fifth amendment constitutional rights in each proceeding. *Compare. Bongiorno* at 944.

The Fifth and Sixth factors focus on the interests of the Court and the public. In regard to the Court's interests, Defendant Keely believes it would be in the best interests of judicial economy to stay this matter until the resolution of the related criminal matter. Such a stay would avoid conflicting outcomes, wasted resources, and duplicative efforts. Additionally, a stay would serve an important public interest in this case, including but not limited to protecting a criminal defendant's constitutional rights. While both the criminal and civil case will have separate elements and standards of proof, proceeding with both at the same time leaves Defendant Keely with difficult choices about how to mount his defenses in each case. The court in *Bongiorno* provides that a stay would eliminate the risk of the defendant's fifth amendment privilege against self-incrimination from being undermined. *Id* at 945.

Beyond evaluating the above factors, the Court must also balance their evaluation based on the hardship to the parties. *Id.* The factors present in Keely are distinguished from the factors presented in *Bongiorno*. The factors show that Defendant Keely's criminal matter is intertwined with the civil action and it would be unconstitutionally coercive to proceed with the criminal case at this time. It is important to note that both the criminal case and civil case that Defendant Keely is a party to are before this court. Therefore, the Court can lift this stay at any time it deems appropriate.

Therefore, in the interests of justice and judicial economy, Defendant Keely prays this Court will STAY the instant civil case until the related criminal case is adjudicated. In the alternative, Defendant Keely prays this Court will extend the time for him to file his first responsive pleading, currently set for April 1, 2025 per order of this Court [ECF No. 5, PageID#18, ECF No. 6, PageID#20], until one of the following events occurs:

1. This Court rules on the pending Motion for Immunity in the underlying criminal case – 1:24-cv-672, and any related appeals are concluded; or

2. The United States is required to file its first responsive pleading.

Respectfully submitted this 31st day of March, 2025.

                                      */s/ Lance J. LoRusso*

                                      Lance J. LoRusso, Esq
                                      Georgia Bar No. 458023
                                      Attorney for Defendant Keely
                                      **LORUSSO LAW FIRM, P.C.**
                                      1827 Powers Ferry Road SE
                                      Building 8, Suite 200
                                      Atlanta, GA 30339
                                      lance@lorussolawfirm.com

                                      John T. Gemellaro (P74141)
                                      Attorney for Defendant Keely
                                      **MCGRAW MORRIS P.C.**
                                      2075 Big Beaver Road, Ste. 750
                                      Troy, MI 48084
                                      jgemellaro@mcgrawmorris.com

                                      G. Gus Morris (P32960)
                                      Attorney for Defendant Keely

                                      **MCGRAW MORRIS P.C.**
                                      2075 Big Beaver Road, Ste. 750
                                      Troy, MI 48084
                                      gmorris@mcgrawmorris.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDRICA CAGE, as Personal Representative of the ESTATE OF SAMUEL STERLING, deceased, ) ) ) ) Plaintiff, ) v. ) ) BRIAN KEELY, in his individual capacity, and the UNITED STATES OF AMERICA, ) ) ) ) ) ) ) Defendant. ) | Case No. 1:25-cv-00089 HON. HALA Y. JARBOU MAG. JUDGE MAARTEN VERMAAT |

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that the foregoing document, complies with the word limitation of Western District Local Criminal Rule 47.1(b)(ii) because this motion contains no more than 4,3000 words. This document contains 1,373 words and uses Microsoft Word in 14-point Time New Roman.

Respectfully submitted this 31st day of March, 2025.

/s/ Lance J. LoRusso

Lance J. LoRusso, Esq
Georgia Bar No. 458023
Attorney for Defendant Keely
**LORUSSO LAW FIRM, P.C.**

7

1827 Powers Ferry Road SE
Building 8, Suite 200
Atlanta, GA 30339
lance@lorussolawfirm.com

John T. Gemellaro (P74141)
Attorney for Defendant Keely
**MCGRAW MORRIS P.C.**
2075 Big Beaver Road, Ste. 750
Troy, MI 48084
jgemellaro@mcgrawmorris.com


G. Gus Morris (P32960)
Attorney for Defendant Keely
**MCGRAW MORRIS P.C.**
2075 Big Beaver Road, Ste. 750
Troy, MI 48084
gmorris@mcgrawmorris.com

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDRICA CAGE, as Personal Representative of the ESTATE OF SAMUEL STERLING, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )  Case No. 1:25-cv-00089 |
| | ) |
| BRIAN KEELY, in his individual capacity, and the UNITED STATES OF AMERICA, | )  HON. HALA Y. JARBOU<br>)<br>)  MAG. JUDGE MAARTEN<br>)  VERMAAT<br>)<br>) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 31st day of March, 2025.

>  /s/ Lance J. LoRusso
> 
> Lance J. LoRusso, Esq
> Georgia Bar No. 458023
> Attorney for Defendant Keely
> **LORUSSO LAW FIRM, P.C.**
> 1827 Powers Ferry Road SE
> Building 8, Suite 200
> Atlanta, GA 30339
> lance@lorussolawfirm.com
> 
> John T. Gemellaro (P74141)
> Attorney for Defendant Keely
> **MCGRAW MORRIS P.C.**

9

        2075 Big Beaver Road, Ste. 750
        Troy, MI 48084
        jgemellaro@mcgrawmorris.com

        G. Gus Morris (P32960)
        Attorney for Defendant Keely
        **MCGRAW MORRIS P.C.**
        2075 Big Beaver Road, Ste. 750
        Troy, MI 48084
        gmorris@mcgrawmorris.com