UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRICA CAGE,

    Plaintiff,

v.

BRIAN WILLIAM KEELY, et al.,

    Defendants.
_____/

Case No. 1:25-cv-89

Hon. Hala Y. Jarbou

**ORDER**

Plaintiff Andrica Cage brings this action on behalf of the estate of Samuel Sterling against Defendant Brian William Keely, whose vehicle struck and killed Sterling when Keely was attempting to arrest him. Plaintiff claims that Keely used excessive force on Sterling, in violation of Sterling's constitutional rights. In a related case, *Michigan v. Keely*, No. 1:24-cr-115 (W.D. Mich.), the State of Michigan charged Keely with second-degree murder and involuntary manslaughter under state law for his actions. This Court dismissed the criminal case on May 28, 2025, after concluding that Keely was entitled to immunity under the Supremacy Clause of the Constitution because he was acting as a federal officer when attempting to apprehend Sterling and because what he did was necessary and proper. *See Michigan v. Keely*, No. 1:24-cr-115, 2025 WL 1513194, at *10 (W.D. Mich. May 28, 2025). The State has appealed that decision. Keely now asks to stay proceedings in this matter until the criminal case is resolved.

"[D]istrict courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627

(6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).  The Court generally considers the following factors when determining whether a stay is appropriate:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao*, 498 F. Supp. 2d at 1037).  The Court should also consider "the extent to which the defendant's fifth amendment rights are implicated."  *Id.* (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).  The party seeking the stay has the burden to show that "there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).  "The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'"  *Id.* at 628 (quoting *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, No. 88-3895, 1989 WL 78212, at *8 (6th Cir. Jul. 17, 1989)).

The first factor weighs in favor of a stay because there is a substantial overlap in issues.  In the criminal case, the Court determined that Keely was a federal officer and that his actions were appropriate under the Fourth Amendment.  Both those issues are key to the outcome of the civil case.  Keely's status as a federal officer is important because it will determine whether Cage can proceed under 42 U.S.C. § 1983 or whether she must rely upon the more limited remedy available through *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  And the appropriateness of Keely's actions goes to the heart of Cage's claim.

The second factor weighs in favor of a stay because Keely has been formally charged with a crime for the conduct at issue.

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*FTC*, 767 F.3d at 628 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). Here, there is a risk that Keely may make incriminating statements that would prejudice him in his criminal case. Although the Court dismissed the criminal case, there is a possibility that the appellate court will overturn that ruling and allow the criminal case to proceed.

In addition, the prejudice to Cage is reduced because the criminal case has already progressed to an evidentiary hearing, judgment, and an appeal, potentially shortening the time period in which the criminal case will ultimately be resolved. Review of the appellate court docket indicates that appellate briefing in the criminal case is currently due to be completed in November.

The third factor weighs in favor of a stay because Cage does not have a particularly strong interest in proceeding expeditiously. There is no risk of ongoing harm to Sterling's estate, and there is no indication that Cage's access to evidence will be prejudiced by a delay. In fact, much of the incident is captured on video; there is no danger of losing that evidence over time.

The fourth factor weighs in favor of a stay because proceeding with the discovery will potentially force Keely to make an impossible choice: hamper his defense in the civil case by exercising his right to remain silent or risk prejudicing his defense in his criminal case by testifying and potentially making incriminating statements. Cage argues that the Court could allow discovery to proceed without Keely's testimony, but that alternative is not much of a solution because Keely's testimony may be critical to his defense.

The fifth factor favors a stay because the Court has an interest in making decisions that are consistent with one another. Should the Court of Appeals disagree with this Court's rulings in the criminal case, its decision will impact how this Court decides the civil case.

The sixth factor, the public's interest, does not weigh strongly in one direction or another. Cage's case involves the constitutional rights of a private party against a government actor, whereas the criminal case involves the State of Michigan's interest in enforcement of its criminal law. The public has a general interest in the enforcement of constitutional rights and criminal law, but staying this case until the criminal proceedings are complete will not significantly impair the public's interests.

Considering all the factors together, they weigh in favor of staying the case.

Accordingly, **IT IS ORDERED** that Keely's motion for a stay (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that proceedings in this case are **STAYED** until further order of the Court. The parties are directed to notify the Court when the appellate proceedings in the criminal case are completed.

Dated: September 9, 2025            /s/ Hala Y. Jarbou
                                    HALA Y. JARBOU
                                    CHIEF UNITED STATES DISTRICT JUDGE